WILLIAMS vs. HAYNES et al.

Where a bill in equity contained allegations which showed the complainant to be entitled to relief in equity, but at the hearing, the complainant failed to sustain such allegations by proof; and where the bill alleged and the proof showed that one of the defendants was indebted to the complainant on a promissory note; it was proper to dismiss the bill, there being no equitable circumstances connected with the complainant's claim on the note, and no reason being shown why the remedy at law was not full, complete and adequate. Equity will not take cognizance of a plain legal right.

December 7, 1886.

Equity.   Practice in Superior Court.   Before Judge ESTES.   Hall Superior Court.   August Term, 1886.

On December 8, 1885, Mrs. Rebecca Williams filed her bill against Thomas A. Haynes et al., alleging, in brief, as follows: On January 6, 1867, she married Thomas Williams.   Prior to that time, she was a widow, owning a lot of land.   Williams took entire charge of her property and endeavored to change the ownership of it to himself and his two children by a former marriage.   He sold her personal property, and spent or converted the money.   He then endeavored to induce her to allow him to sell her home, and in spite of her repeated refusals, sold it, in the summer of 1880, to Haynes, who knew all the facts, and who agreed to give Williams his notes for $2,000.   She was old and feeble and afraid to offend her husband, though unwilling to sign the deed.   By means of persuasion on the part of her husband, Haynes, and Deaton (a friend of hers whom they had induced to see her), she reluctantly signed the deed, but upon condition that Haynes would pay her $1,000 of the money, to which he assented, and Williams promised that if Haynes did not pay her, he would.   $450 have been paid her on the notes made to her, leaving a balance due, which Haynes refuses to pay.   Williams used the notes he received partly in payment of his

debts and partly in payment of land bought from Deaton. She and her husband moved upon the land which he thus bought, and lived there until about 1882, when, on account of his cruelties, she was compelled to leave him.   He died in 1882, and his two daughters remained in possession of the place and claimed title to it.   Complainant is eighty years of age, has no home, no property and no means of support.   Haynes has sold a part of the property which he purchased to one Simpson, and is trying to sell the balance, and is threatening to leave the State.   The two daughters of Williams are trying to sell the land their father bought, and where he lived at his death.   Complainant's signature to the deed to Haynes was obtained by duress, fraud and misrepresentation, and the deed is void as title.   Haynes and the daughters of Williams are insolvent, and the land Williams bought from Deaton belongs, in equity, to complainant.   Simpson purchased from Haynes with full knowledge of all the facts.   The prayers were, that the deeds made to Haynes and Simpson be cancelled and the title decreed to be in complainant; that if this could not be done, a decree be rendered against Haynes for the full amount of the principal and interest yet due complainant, and the land decreed to be subject thereto; that the lands purchased from Deaton be decreed to be the property of complainant; and for general relief, injunction and subpœna.

By amendment, the daughters of Williams were stricken from the bill.   The defendants answered the bill, denying fraud, notice, etc.   Haynes claimed a reduction in the amount of the notes because, he alleged, there were not as many acres of land as the deed conveyed.

On the trial, the complainant offered evidence in support of the allegations of her bill.   She is eighty-five years of age.   Her first husband died in 1865, and she married Williams in 1867.   He had no property.   He negotiated a sale of her land to Haynes in 1880 for $2,000, the latter giving his notes to complainant for $1,000 and to Williams

for the other $1,000. She was unwilling to the trade, and Haynes knew it, but she finally signed the deed. There is still due on her notes $550. Haynes paid Williams all or a large part of the notes given him, and Williams bought a parcel of land from Deaton for $400, paying a part of the purchase price and leaving $240 still due. Haynes lived near complainant, and knew she got the land sold him from her first husband.

Deaton, as a witness for complainant, testified that Haynes asked him to witness the papers in a trade he was making with complainant and her husband for the land; that Simpson, the father-in-law of Haynes, wrote the deed and Deaton wrote the notes; that when the papers were ready, Williams asked witness to bring in complainant; that he went out and found her at the well; that she said she did not know what to do, and felt that if she signed the deed, she would never have a home again; that witness did not say much to her; and that they went into the house, where she said, " If I sign these papers, I want to be certain that I get my part of the money," to which Williams replied that she would get it, and if Haynes did not pay her, he would. She then signed the deed, and Williams took half the notes and witness the others for complainant. She seemed to sign the deed willingly, and the witness did not see or hear anything to force her to sign.

On the close of complainant's testimony, the court dismissed the bill, and she excepted.

DUNLAP & THOMPSON, for plaintiff in error.

CLAUD ESTES; J. M. TOWERY, by W. F. FINDLEY, for defendants.

BLANDFORD, Justice.

The question in this case is this: Where a bill in equity contains allegations which show the complainant

entitled to relief in equity, and at the hearing, the plaintiff fails to sustain such allegations by proof, and when the bill alleges and the proofs show that one of the defendants is indebted to plaintiff by promissory note, is it proper to dismiss the bill, there being no equitable circumstances connected with the plaintiff's claim on the note, and nothing being shown why the plaintiff's remedy is not full, complete and adequate at law? We think the court did right to dismiss plaintiff's case. The plaintiff being entitled to no equitable relief, as shown by the proofs in the case, there was nothing left in the case to authorize a decree for plaintiff. It is well settled that equity will not take cognizance of a plain legal right. Code, §3095; 36 *Ga.* 545. Hence, we think that when plaintiff failed to show that she was entitled to relief in a court of equity for and on account of any matters alleged in her bill, it was properly dismissed at the hearing.

Judgment affirmed.